UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAUL ANDERSON,

                Plaintiff,

        vs.

THE CITY OF NEW YORK
POLICE OFFICER WILLIAM REED,
POLICE OFFICER ANGEL COLON,
AND POLICE OFFICER JOHN DOE,
(names and numbers of whom are unknown at present)
and other unidentified members of the New York City
Police Department
                Defendants
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 08 2010 ★
BROOKLYN OFFICE

ECF CASE

10 Civ.

**10  3115**

COMPLAINT

BLOCK, J.

JURY TRIAL
DEMANDED

J. ORENSTEIN, M.J.

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional rights when the individual defendants utilized unreasonable and excessive force on plaintiff. Defendants deprived plaintiff of his constitutional rights when they caused the unjustifiable arrest of plaintiff, the unlawful confinement of plaintiff, and malicious prosecution of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The plaintiff, Paul Anderson, is a citizen of the United States, and is and was at all times relevant herein a resident of the Brooklyn, New York.

6. At all times relevant hereto, Police Officer William Reed, shield # 10670 was acting in the capacity of agent, servant, and employee of defendant City of New York [ hereinafter "City"], and within the scope of his employment as such. Officer Reed is being sued herein in his individual capacity.

7. At all times relevant hereto, Police Officer Angel Colon, shield #24292, was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such. Officer Colon is being sued herein in his individual capacity.

8. At all times relevant hereto, Police Officer John Doe, was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such. Officer Doe is being sued herein in his individual capacity.

9. At all times relevant herein, the individual defendants, Officer Reed, Colon and Officer Doe, were acting under color of state law in the course and scope of their duty and functioned as agents, servants, employees, and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the

course of their duty. Officer Defendants were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officer, agent, and employee of the New York City Police Department and incidental to the lawful pursuit of his duty as officer, employee and agent of the New York City Police Department.

10. Defendant City is municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

11. On March 7, 2009, plaintiff resided in Brooklyn, New York. Plaintiff was 41 years old.

12. At approximately 12:35 a.m., plaintiff was in his vehicle in the vicinity of 480 Knickerbocker Avenue in Brooklyn, NY, County of Kings.

13. Officer Defendants stopped Plaintiff's vehicle and requested that he exit the car and provide license and registration.

14. After Plaintiff provided his license and registration, Officer Defendant Colon began searching Plaintiff's person without any justifiable reason.

15. As the Officer Defendants were detaining Plaintiff, traffic began to back up as cars could not pass Plaintiff's vehicle. Officer Defendants requested that Plaintiff move the vehicle to another spot, to which he complied.

16. Plaintiff was ordered to again exit the vehicle and sit on the bumper of the vehicle as he was questioned again by Officer Defendants Reed and Colon.

17. Three more Officer Defendants arrived on the scene and one of them stated to Officer Colon to "take him in" and Plaintiff was subsequently handcuffed and placed under arrest.

18. While in the police vehicle, Plaintiff inquired as to why he was being arrested and was threatened with violence by the Officer Defendant.

19. After arriving at the precinct, Plaintiff requested to use the restroom. An Officer Defendant instructed Plaintiff that he could use a filthy restroom located in the fingerprinting room. Plaintiff requested that he be allowed to use a restroom a clean restroom or be allowed to quickly clean the filthy restroom he was offered as the conditions were entirely unsanitary. This request was denied and instead Officer Colon pulled sweatshirt over Plaintiff's head and forced him to the ground.

20. Officer Colon began pummeling Plaintiff on his person, especially on his head and shoulder's. Plaintiff lost consciousness and when he awoke his face was touching the floor and an Officer Defendant had his foot on top of Plaintiff's head.

21. Plaintiff sustained injuries to his head, mouth, shoulders and arms. Plaintiff continued to spit up blood and then was taken to the Woodhull Hospital by an ambulance.

22. Plaintiff was subsequently taken to Kings County Central Booking where he was arraigned under docket #2009NY018450 and charged with Assault in the 2nd Degree, Assault in the 3rd Degree and Resisting arrest.

23. At the time of his arrest, Plaintiff had not committed any crime and there was no lawful basis for arrest his.

24. At no time did Plaintiff resist arrest or refuse to be handcuffed. Furthermore, at no time did plaintiff attempt to assault anyone.

25. In March 2010, in Criminal Court of the City of New York, County of Kings, the case was terminated favorably for plaintiff when he was found not guilty after trial.

26. The use of force on plaintiff by the Officers Defendants was unreasonable and far in excess of their rightful authority as a New York City police officers. This arrest of plaintiff was made without reasonable or probable cause.

27. The Officer Defendants charged Plaintiff with crimes falsely, maliciously, in bad faith, and without probable cause.

28. In addition to the physical injuries described above, plaintiff also suffered from emotional trauma as a direct result of the incident, and severe physical pain to his head, shoulders, arms, mouth, the loss of his dentures and excessive bleeding.

29. As a direct and proximate result of the unlawful arrest, excessive force, and malicious prosecution plaintiff suffered and/or continues to suffer from extreme physical pain and suffering; medical expenses; psychological pain, suffering, and mental anguish; and plaintiff's academic performance suffered; other losses.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. By reason of the foregoing, and by punching, and by assaulting and battering him while he was in custody, the officer defendants used unreasonable and excessive force against plaintiff and/or failed to prevent other officers from doing so, and thereby deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

32. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

34. The officer defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

35. The officer defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth Amendment and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, Fourth and Fourteenth Amendments

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length

herein.

38. By falsely arresting plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the officer defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

39. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

40. The officer defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

41. The officer defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendment to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

### THIRD CAUSE OF ACTION
42 U.S.C. ' 1983 B Malicious Prosecution
(Against the Officer Defendants)

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with Assault in the 2nd and 3rd degree and resisting arrest.

45. The Officer Defendants charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

46. After filing proceedings in Criminal Court of the City of New York in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
### Municipal Liability Claim Against the City of New York
### For Failure to Properly Hire, Train, Supervise and Discipline Employees

48. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. Individual Defendants' use of excessive force, unlawful arrest, and detention without probable cause comprised a violation of plaintiff's civil right to be free of such actions under the Fourth Amendment to the Constitution.

50. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of defendant, the City of New York through the New York City Police Department.

52. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for their use of excessive force against plaintiff.

53. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of plaintiff.

54. Under this custom, usage, practice or policy, The City of New York:

(a) encouraged and/or condoned the use of excessive force, unlawful arrest and detention without probable cause;

(b) encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause and falsely accusing and arresting individuals;

(c) failed to adequately screen applicants to the New York City Police Department;

(c) failed to investigate, or punish the excessive use of force, false arrest and unlawful detentions by the New York City Police Department;

(d) failed to provide adequate training to its New York City Police Department regarding the use of force with children, the constitutional limits of force with children, the proper use of weapons including handcuffs and the proper method of detaining and arresting children.

## JURY DEMAND

55. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, Paul Anderson, shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Officer Angel Colon, Officer William Reed, Police Officer John Doe, and the City of New York, jointly and

severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:    July 6, 2010
              New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
BARNUM & REYES, P.C.
30 Vesey Street, 2nd Floor
New York, New York 10007

(212) 966-3761

NICOLE BARNUM, ESQ. (NB 9543)
BARNUM & REYES, P.C.
30 Vesey Street, 2nd Floor
New York, New York 10007
(212) 966-3761